

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2005

# Horan v. Wilcox Fetzer

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Horan v. Wilcox Fetzer" (2005). *2005 Decisions.* Paper 321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4644

MICHAEL J. HORAN, Individually and on
Behalf of All Others Similarly Situated,

<u>Appellant</u>

v.

WILCOX & FETZER LTD,
a Delaware Limited Partnership

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 03-cv-00979)
District Judge: Hon. Gregory M. Sleet

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2005

BEFORE: SCIRICA, <u>Chief Judge</u>, VAN ANTWERPEN and COWEN, <u>Circuit Judges</u>

(Filed October 28, 2005)

OPINION

COWEN, <u>Circuit Judge</u>.

Michael Horan appeals the District Court's order dismissing the complaint against Wilcox & Fetzer, Ltd., on the basis that it lacked subject matter jurisdiction. Horan contends that the District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because 28 U.S.C. § 753, which regulates court reporters, confers a private right of action. We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291 and will affirm.

Wilcox and Fetzer had an exclusive contract with the United States Bankruptcy Court for the United States District Court of Delaware to provide court reporting services and transcripts. Horan, who had initiated proceedings in the bankruptcy court, had to rely upon Wilcox and Fetzer for the procurement of transcripts of his hearings. Horan alleges that he was required to pay rates that exceeded those provided in Section 753 and the Judicial Conference Guidelines.

Horan, individually and on behalf of all others similarly situated, filed a complaint in the United States District Court for the District of Delaware, to recover for the overcharging of fees for transcripts. The District Court granted Wilcox and Fetzer's motion to dismiss the complaint for lack of subject matter jurisdiction, concluding that Section 753 did not create a cause of action for individuals, and this appeal ensued.

We review *de novo* a district court's order granting a defendant's motion to dismiss. *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). We accept as true all well pleaded factual allegations and draw all reasonable inferences in

2

favor of the plaintiff. *See id.* Dismissal is only appropriate if it "'appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Court Reporter's Act provides in pertinent part: "Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the judicial conference." 28 U.S.C. § 753(f). While Horan concedes that no federal court has ever held that Section 753 creates a private cause of action, he argues that the requirements of Section 753 are mandatory, and a cause of action is available under the statute for its enforcement and for monetary relief. We disagree.

An alleged violation of a federal statute does not automatically establish a federal question. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) (holding that a federal act must create or imply a private right of action for individuals in order to have a federal question to support jurisdiction under Section 1331). Whether a "statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction . . . [such that] what must ultimately be determined is whether Congress intended to create the private remedy asserted." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16 (1979). Even assuming Horan was harmed by a Section 753 violation, such a violation does not automatically give rise to a private cause of action in his favor.

Section 753 does not create or imply a right of action for individuals to support a federal question cause of action under Section 1331. There is no language in the statute indicating that Congress intended to create or alter any civil liabilities for a violation of Section 753. Further, Congress expressly provided judicial means for enforcing compliance with the Act. See 28 U.S.C. § 753(c) ("The reporters shall be subject to the supervision of the appointing court and the Judicial Conference in the performance of their duties, including dealings with parties requesting transcripts.")

Accordingly, the District Court correctly concluded that it lacked subject matter jurisdiction over the complaint.

For the foregoing reasons, the judgment of the District Court entered on November 10, 2004, will be affirmed.